UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DISTRICT

SHIRLEY WILLIAMS,

    Plaintiff,

v.

COUNTY OF MILWAUKEE, MENTAL HEALTH COMPLEX,

    Defendant.

COMPLAINT
Case No.:

## NATURE OF THE CASE

1. This action is brought by the Plaintiff, Shirley Williams, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, to redress race discrimination and retaliation by the Defendant, County of Milwaukee, Mental Health Complex ("Milwaukee County").

## JURISDICTION AND VENUE

2. Jurisdiction over Ms. Williams' claims of race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e are conferred on this Court by 42 U.S.C. § 2000e-5(f)(3).

3. The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, in that the Defendant resides within the Eastern District and the unlawful actions occurred in the Eastern District.

## CONDITIONS PRECEDENT

4. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. P., have been performed or have otherwise occurred.

5. On or about December 21, 2007, Ms. Williams filed a complaint with the Wisconsin Equal Rights Division (ERD), which under their agreement also constitutes a filing with the Federal Equal Employment Opportunity Commission (EEOC) regarding incidents of race discrimination and retaliation based upon the events averred in this Complaint.

6. On or about May 21, 2009, Ms. Williams requested that her complaint be withdrawn from the ERD and investigated by the EEOC.

7. On February 16, 2010, the EEOC forwarded Ms. Williams' case to the U.S. Department of Justice, and on June 28, 2010, the Department of Justice issued a right to sue determination.

## DEMAND FOR JURY TRIAL

8. Ms. Williams demands that her case be tried to a jury of her peers.

## PARTIES

9. Plaintiff, Shirley Williams, is an adult resident of Wisconsin, residing at 8755 W. Acacia Street, Milwaukee, WI 53224.

10. Defendant, upon information and belief, is the County of Milwaukee, Mental Health Complex, a governmental body organized in the State of Wisconsin with a primary address of 901 N. 9th St., Milwaukee, WI 53233.

## OPERATIVE FACTS

12. Ms. Williams, African American, is currently employed by Milwaukee County as a Registered Nurse (RN) and she has worked there since September 1987.

13. On or about August 29, 2007, Ms. Williams submitted a written request to take off work on September 22, 2007 for her son's wedding, and pursuant to Milwaukee

2

County policy, such a request is allowable without needing to find a replacement for the shift.

14. Kathleen Kingsley, a Caucasian supervisor, notified Ms. Williams that her request was denied because, "Personal days are not granted on the weekend per the guidelines."

15. Ms. Williams then verbally asked her Caucasian supervisor, Gordon Engledinger, if she could have September 22, 2007 off. Mr. Engledinger informed Ms. Williams that after the schedule was already posted, she would have to find someone to work her shift if she wanted off.

16. However, Ms. Williams knew other Caucasian registered nurses that were granted time off after a schedule had been posted. For example, Lynn Moses, a Caucasian RN requested off on November 22, 2007 after the schedule had been posted and she was granted the day off without being required to find another qualified nurse replacement.

17. On or about November 2, 2007, Nursing Patient Coordinator Marleen Baumann and Director of Nursing Sheryl Schoegel, both Caucasian, approached Ms. Williams and alleged that she had allowed a patient to use a "table top chair" without a doctor's order. Both managers stated that Dr. Strelnik, Caucasian, made the allegations. Ms. Williams denied the allegation and presented Ms. Baumann and Ms. Schoegel with documents supporting her position. Both managers refused to acknowledge Ms. Williams' evidence and then threatened to have her terminated if the allegation was found to be true.

18. A few days later, Ms. Williams spoke with Luanne Lemann, a Caucasian RN, who

3

stated that the patient involved with the use of the "table top chair" was in fact her patient, but she was never investigated or disciplined by her supervisor. In addition, upon information and belief, Ms. Lemann advised Ms. Baumann that Dr. Strelnik was not observed on the unit at any time when the alleged incident occurred.

19. In early November 2007, Dr. Weidel, Caucasian, approached Ms. Williams shaking his finger in her face and stated, "I know you have a lawyer." Dr. Weidel made further threatening statements saying, "We'll control this unit our way." "I know about you." "…I'm closing your unit."

20. Upon information and belief, on or about December 1, 2007, Dr. Strelnik, Caucasian, engaged Ms. Moses, Caucasian, in conversation about Ms. Williams' unit. Dr. Strelnik stated to Ms. Moses that he wanted Ms. Williams off the job. Shortly thereafter, in the presence of Ms. Lemann, Ms. Moses advised Ms. Williams of what Dr. Strelnik had stated to her.

21. Upon information and belief, on December 9, 2009, an RN did not complete one of his required tasks for a patient. Even though Ms. Williams was not working the p.m. shift on December 9, 2009, the new Nursing Patient Coordinator, Ms. Laurien, held Ms. Williams responsible for another worker's mistake.

22. On December 14, 2009, another order was missed by an RN. The following morning, Ms. Williams noticed that an order was missed and she notified her supervisor. Yet again, even though Ms. Williams was off when the order was missed, she was blamed for the mistake and Ms. Laurien told her later on December 15, 2009 that she is a bad nurse. On both occasions from December 2009, Ms. Laurien berated Ms. Williams in front of other staff members for mistakes made by other Milwaukee County

4

employees.

23. The foregoing examples of racial bias, discrimination and retaliation are merely a few examples of the ongoing racially discriminatory working conditions Ms. Williams has been subjected to for years. These racially discriminatory practices have negatively impacted and deeply affected Ms. Williams during her decades of service to Milwaukee County causing her financial, physical and psychological injury.

### FIRST CLAIM FOR RELIEF
### RACE DISCRIMINATION

24. As and for a first claim for relief, Ms. Williams re-asserts the above and fully incorporates those paragraphs herein by reference.

25. In May 2008, the ERD determined that probable cause existed to believe that Milwaukee County violated the Wisconsin Fair Employment Law, Wis. Stat. §§ 111.31-111.395 because of Ms. Williams' race and because she opposed a discriminatory practice under the Act. In addition, on September 18, 2009, the EEOC found that reasonable cause exists to believe that Milwaukee County discriminated against Ms. Williams in violation of Title VII of the Civil Rights Act of 1964, as amended.

26. Milwaukee County has committed race discrimination by treating the Plaintiff differently and holding her to different standards than her similarly situated Caucasian co-workers. This constitutes race discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2.

27. For Milwaukee County's violations of the Title VII of the Civil Rights Act of 1964, Plaintiff demands that Milwaukee County cease all discrimination based on race, and as damages, she requests reasonable Attorney's fees to be determined by the Court.

5

28. For Milwaukee County's egregious violations of Title VII of the Civil Rights Act of 1964, Plaintiff demands punitive damages in an amount that will compensate Plaintiff for the humiliation that she was exposed to and prevent Milwaukee County from repeating these outrageous actions.

## SECOND CLAIM FOR RELIEF
## RETALIATION

29. As and for a second claim for relief, Ms. Williams re-asserts the above and fully incorporates those paragraphs herein by reference.

30. Following the filing of her complaint with the ERD in December 2007, Milwaukee County continued its discriminatory practices against Ms. Williams. This constitutes retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3.

WHEREFORE, Plaintiff, Shirley Williams, demands relief as follows:

    A.    A permanent injunction enjoining Milwaukee County and its officers, successors, and assigns, and all persons in active concert or participation with them, from engaging in discrimination based on race and retaliation.

    B.    Judgment against Defendant awarding Plaintiff her costs, disbursements, and actual attorney's fees incurred in prosecuting the discrimination and retaliation claims, together with interest on said attorney's fees;

    C.    Judgment against Defendant awarding Plaintiff punitive damages in an amount deemed sufficient by the trier of fact to punish and deter the Defendant from engaging in such unlawful conduct now and in the future; W.S.A. § 895.85(3) *STANDARD OF CONDUCT*. *"The plaintiff may receive punitive damages if evidence is submitted showing the defendant*

*acted maliciously toward the plaintiff or in an intentional disregard of the rights of the plaintiff.*" Id. Discrimination which is intentional and undertaken for the maximum humiliation of the Plaintiff is an intentional violation of the rights of the Plaintiff.

D. An Order requiring Defendant to post in conspicuous places in all of its premises, a notice stating that it has been found to have violated the Civil Rights Acts of 1964, and that Defendant will take corrective action; and

E. Such other relief as the Court deems just and equitable.

Dated this 27th day of September, 2010.

                                                              Jonathan A. Gruhl Bar Number: 1037156
Attorney for Plaintiff
Gruhl Law Firm, LLC
7101 N. Green Bay Ave., Ste. 3
Glendale, WI 53209
Telephone: 414.351.0404
Fax: 414.351.0406
Email: JAGruhl@GruhlLaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DISTRICT

SHIRLEY WILLIAMS,

    Plaintiff,

v.                        Case No.:

COUNTY OF MILWAUKEE, MENTAL HEALTH COMPLEX,

    Defendant.

## DISCLOSURE STATEMENT

The undersigned counsel for Shirley Williams, the Plaintiff herein, furnishes the following disclosure statement pursuant to Civil L.R. 7.1:

(a)    Shirley Williams is the Plaintiff.

(b)    The Plaintiff, Shirley Williams, is an individual, not a corporation.

(c)    Jonathan A. Gruhl of Gruhl Law Firm, LLC is expected to appear for and on behalf of the Plaintiff, Shirley Williams.

Dated this 27th day of September, 2010.

                                      Jonathan A. Gruhl Bar Number: 1037156
                                      Attorney for Plaintiff
                                      Gruhl Law Firm, LLC
                                      7101 N. Green Bay Ave., Ste. 3
                                      Glendale, WI 53209
                                      Telephone: 414.351.0404
                                      Fax: 414.351.0406
                                      Email: JAGruhl@GruhlLaw.com