# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

SHIRLEY WILLIAMS,

        Plaintiff,

    v.                                         Case No. 10-CV-844

COUNTY OF MILWAUKEE,
MENTAL HEALTH COMPLEX,

        Defendant.

_____

## ORDER

On September 27, 2010, the plaintiff, Shirley Williams, filed a complaint against the defendant, County of Milwaukee, Mental Health Complex ("Milwaukee County"), alleging claims of racial discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). (Docket #1). Prior to the filing of the complaint, the plaintiff received a letter from the United States Department of Justice ("DOJ") that notified Ms. Williams that she had the "right to institute a civil action under Title VII." (Docket #10, Ex. A). The letter stated in clear language that if Ms. Williams wanted to "commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this notice." *Id.* The letter from the DOJ was date stamped June 28, 2010. *Id.* However, neither party disputes that the plaintiff and the plaintiff's attorney received the letter prior to June 28, 2010, as Ms. Williams' attorney, in a letter to opposing counsel dated June 25, 2010, acknowledged having already received the right to sue letter. (Docket #10, Ex. B). On January 28, 2011, the defendant filed a motion for judgment on the

pleadings pursuant to Fed. R. Civ. P. 12(c), arguing that the plaintiff's complaint is "barred due to her failure to file the complaint with[in] 90 days of receipt of the Notice of Right to Sue issued by the United States Department of Justice." (Docket #8). With the benefit of the parties' briefs on the matter, the court resolves the pending motion in this order.

Fed. R. Civ. P. 12(c) allows for a judgment on the pleadings. *Midwest Gas Servs., Inc. v. Ind. Gas Co.*, 317 F.3d 703, 709 (7th Cir. 2003). Such a motion should be granted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support [its] claim for relief." *Id.* In evaluating the motion, the court accepts all "well-pleaded allegations in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." *Id.; see also Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000) ("A complaint may not be dismissed unless it is impossible to prevail under any set of facts that could be proved consistent with the allegations.") (internal citations omitted). With these legal standards in mind, the court addresses the central issue.

The law provides that an aggrieved person may bring a civil action for a violation of Title VII within ninety days of the government providing "notice" of a "right to sue." 42 U.S.C. § 2000e-5(f)(1). The Seventh Circuit's case law is quite explicit that the "actual receipt of the notice," which occurs when either the plaintiff or his or her attorney receives a right to sue letter, is required to "start running the 90-day clock." *Reschny v. Elk Grove Plating Co.*, 414 F.3d 821, 823 (7th Cir. 2005); *see*

*also DeTata v. Rollprint Packaging Prods.*, Case No. 10-1596, 2011 U.S. App. LEXIS 583, at *13 (7th Cir. Jan. 12, 2011) ("But we have . . . consistently held (as have our sister circuits) that the 90-day period does not start running until the claimant (or her agent) actually receives the right-to-sue letter from the EEOC."). Here, no party disputes the fact that the plaintiff or the plaintiff's attorney received the right to sue letter on or before June 25, 2010. Given Title VII's requirements, 42 U.S.C. § 2000e-5(f)(1), the complaint in this matter needed to be filed by September 23, 2010.[1] Here, as the complaint was filed on September 27, 2010, the complaint is time-barred "absent special circumstances which give rise to waiver, estoppel, or equitable tolling of the limitations period." *Fleming v. Alcoa Bldg. Prods.*, Case No. 93-1092, U.S. App. LEXIS 26536 at *2 (7th Cir. Oct. 6, 1993).

Ms. Williams contends that the 90-day limitation should be equitably tolled in this matter because the notice provided by the government was "inaccurate or ineffective." (Pl.'s Resp. Br. at 2). However, equitable tolling is "reserved for situations in which the claimant 'has made a good faith error . . . or has been prevented in some extraordinary way from filing his [or her] complaint in time.'" *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). Here, the notice by the DOJ was explicit – indeed, the relevant part of the notice was even underlined in the original letter. The letter did not mince words: "If you choose to commence a

_____

[1] The plaintiff asserts that she "could not file a civil action until June 28, 2010," and, therefore, the clock should start from that date. (Pl.'s Resp. Br. at 1). The plaintiff cites no authority for her argument and, indeed, the argument directly contradicts Seventh Circuit case law on the matter. *See Reschny,* 414 F.3d at 823.

civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this notice." (Docket #10, Ex. A). In short, the contention that the DOJ acted deceitfully by post-dating the right to sue letter is utterly unfounded. Given the case law and the clear language in the right to sue letter, it is truly remarkable that Ms. Williams and her attorney chose to not file the complaint in this matter until September 27, 2010. The fault for the untimely filing falls squarely on the plaintiff and her attorney and nowhere else. The cases cited by the plaintiff in support of her equitable tolling argument are wholly inapposite as they either do not discuss equitably tolling with regard to Title VII or relate to a situation where the notice provided by the government in the right to sue letter was extraordinarily flawed. The court is obliged to dismiss Ms. Williams' case.

There remains one matter pending before the court in this case, however. On February 18, 2011, the plaintiff filed a motion for sanctions in conjunction with his response. (Docket #15). Ms. Williams, acting in violation of the local rules, did not file a separate memorandum in support of her motion for sanctions or a certificate stating that no memorandum would be filed.[2] *See* Civil L.R. 7. However, the motion for sanctions itself argues that it should be granted because the "defendant's motion to dismiss . . . is frivolous and damages should be awarded." (Pl.'s Mot. at 1). For the reasons stated above, the court finds the defendant's motion anything but frivolous. Fed. R. Civ. P. 11(c)(2) allows the court to award to the prevailing party

---

[2] The only memorandum the plaintiff's attorney filed was in response to a motion for a judgment on the pleadings.

the reasonable expenses incurred in opposing the motion. However, the decision to award expenses to the prevailing party is entirely within the court's discretion. *Tri-Tech Mach. Sales v. Artos Eng'g Co.*, 928 F. Supp. 836, 841 (E.D. Wis. 1996). The court concludes that any sanction the court would order would be *de minimis* given the amount of time needed by the defendant to respond to the plaintiff's motion. Moreover, the court finds that additional sanctions beyond the dismissal of the entire matter serves no useful purpose in this case, and the court will exercise its discretion and not award any fees.

Accordingly,

**IT IS ORDERED** that the defendant's motion for judgment on the pleadings (Docket #8) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion for sanctions (Docket #15) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the above-entitled action be and the same is hereby **DISMISSED**.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of March, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge